1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                      WESTERN DISTRICT OF WASHINGTON
                                  AT SEATTLE
9

10   | TRINA SAMSON, on her own behalf, and on   | King County Superior Court
     | the behalf of others similarly situated,   | Case No. 25-2-28762-9 SEA
11   |
     |                          Plaintiffs,       |
12   |
     |         vs.                                | ATTORNEY DECLARATION
13   |
14   | SCHOLASTIC INC.,                           |
15   |                          Defendant.        |
16

17

18          I, Amanda Beane, declare and state:

19          1.      I am an attorney at the Law Office of Amanda Beane, P.C., and one of the

20   attorneys for Defendant Scholastic Inc. ("Scholastic"). I am a member in good standing of

21   the State Bar of Washington, am over the age of 18, and am competent to testify as to the

22   matters herein.

23          2.      Attached hereto as Exhibit A is a true and correct copy of a Joint Declaration

24   of Lynn A. Toops and Jeffery D. Kaliel in Support of Plaintiffs' Motion for Approval of

25   Attorneys' Fees, Expenses, and Service Award that was submitted in *Mary Jennifer Perks et*

26   *al. v. TD Bank, N.A.*, No. 1:18:cv-11176-VEC in the United States District Court for the

ATTORNEY DECLARATION
Page 1

Southern District of New York, dated January 14, 2021. In this joint declaration, Ms. Toops declares that her hourly rate in 2021 was $780.

3.       Attached hereto as Exhibit B is a true and correct copy of a Declaration of J. Gerard Stranch, IV on behalf of Stranch, Jennings & Garvey, PLLC in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses that was submitted in *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02600 in the United States District Court for the Western District of Tennessee, dated July 10, 2023. Exhibit A submitted with Mr. Stranch's declaration stated that Mr. Stranch's hourly rate for 2023 was $1,308.

5.       Attached hereto as Exhibit C is a true and correct copy of a Joint Declaration in Support of Plaintiff's Application for Fees, Costs, and Service Award that was submitted in *Eugene Mannacio v. Sovereign Lending Group Inc.*, No. 3:22-cv-05498-TMC in the United States District Court for the Western District of Washington, dated December 11, 2023. According to this declaration, Samuel J. Strauss's hourly rate from 2021 to 2024 was between $600 and $700.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is correct.

Respectfully submitted,

DATED:  October 28, 2025            LAW OFFICE OF AMANDA BEANE, P.C.


By:   */s/ Amanda Beane*
        Amanda Beane, WSBA No. 33070
        7724 35th Ave NE, P.O. Box 15526
        Seattle, WA 98125
        Tel. (206) 531-0224
        amanda@amandabeanelaw.com

        *Attorney for Defendant Scholastic Inc.*

ATTORNEY DECLARATION
Page 2

1

**CERTIFICATE OF SERVICE**

2    The undersigned certifies that on the date below, I served the foregoing document via email

3    on counsel for Plaintiff:

4

5    Samuel J. Strauss, WSBA No. 46971
**STRAUSS BORRELLI, LLP**

6    980 N. Michigan Avenue, Ste. 1610
Chicago, IL 60611

7    Tel.: (872) 263-1100
sam@straussborrelli.com

8    raina@strausborrelli.com

9    *Attorneys for Plaintiff*

10    Executed this 28th day of October, 2025 at Spokane, Washington.

11

12    By:    */s/ Gretchen Barbieri*

13    R. Gretchen Barbieri, Paralegal

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY DECLARATION
Page 3

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY JENNIFER PERKS, MARIA NAVARRO-REYES on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>TD BANK, N.A.,<br><br>                Defendant. | CASE NO. 1:18-CV-11176-VEC |

**JOINT DECLARATION OF LYNN A. TOOPS AND JEFFREY D. KALIEL IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

We, Lynn A. Toops and Jeffrey D. Kaliel, declare as follows:

1.      Lynn A. Toops is a partner at Cohen & Malad, LLP, and is one of the attorneys of record for Plaintiffs.

2.      Jeffrey D. Kaliel is the founder and partner at Kaliel Gold PLLC and is one of the attorneys of record for Plaintiffs.

3.      We submit this Declaration in support of Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Service Awards ("Fee Motion").

## I.    INCORPORATION OF PRIOR DECLARATION.

4.      On May 17, 2021, we also submitted a Joint Declaration in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, Preliminary Certification of Settlement Class, and Approval of Notice Plan ("Preliminary Approval Declaration"), ECF No. 95-2. Many of the facts stated in the Preliminary Approval Declaration also support granting the Fee Motion, and we expressly incorporate the Preliminary Approval Declaration into this Declaration.

## II.     ADDITIONAL DETAIL ON SETTLEMENT BENEFITS.

5.      The benefits provided by the proposed Settlement Agreement and Releases (the "Settlement") are substantial and multi-faceted. They include both stated monetary benefits as well as "hidden" benefits that are not readily apparent from the face of the Settlement itself.

6.      The first monetary benefit of the Settlement is the payment by TD Bank, N.A (the "Bank") of $20,750,000.00 in cash into the Settlement Fund. This payment was made on September 21, 2021, and will earn interest that accrues to the benefit of the Settlement Class. As calculated by the Settlement Administrator, Class Members receiving a cash payment under the Settlement will receive an average of $35.55, before deductions for attorneys' fees, expenses, service awards, and costs of notice and administration above the $500,000.00 paid by the Bank. Before those same deductions, the highest amount a Class Member will receive is $3,968.02; 206 Class Members will receive over $1,000; and 40,715 Class Members will receive at least $100.

7.      The second monetary benefit is that the Bank will forgive $20,750,000.00 in Uncollected Retry NSF Fees of Class Members whose bank accounts were closed owing money to the Bank. The debt forgiveness benefit is significant. The Settlement Administrator has refined the estimate initially provided by the parties at preliminary approval. There are approximately 456,697 accounts, down from 470,486 reported at preliminary approval, that will receive this benefit with an average debt forgiveness of $45.43 per account, up from $44.10 reported at preliminary approval. Approximately 80,000 Class Members will have the negative balance on their accounts reduced by 25% or more, significantly improving their chances of fully repaying their debt.

8.      The third monetary benefit is that the Bank will pay notice and settlement administration costs up to $500,000. The estimated costs ($795,000) exceed this amount, so the Bank will pay the full $500,000 amount.

2

9.      The fourth monetary benefit is not as apparent from the face of the Settlement itself but is nonetheless highly valuable. The Bank agreed to reduce Settlement administration costs by conducting a laborious review of its data to identify Class Members, their addresses and email addresses, and relevant Retry NSF Fees—difficult data analysis work that is commonly performed by plaintiffs' experts at a cost of hundreds of thousands of dollars to the Settlement Fund. By the Bank incurring these expenses, funds that otherwise would have been consumed by expenses will instead be distributed to the Class.

10.      The fifth monetary benefit is likewise not immediately obvious from the face of the Settlement but is again highly valuable. The Bank agreed to make direct deposits of Settlement proceeds to current accountholders at the Bank's own cost. Approximately 304,539 Class Members will receive their payments by direct deposit. Had the Bank not agreed to use its own systems to directly deposit funds, the cost to mail checks to the approximately 304,539 current accountholder Class Members would have amounted to approximately $193,961.21. Instead, those funds will be distributed to the Class.

11.      The Settlement is a phenomenal and timely result for the Class Members and was obtained against a well-funded defense by TD Bank, N.A. (the "Bank").

## III.    RISKS AND NOVELTY OF THE LITIGATION.

12.      This result is even more remarkable because this is a groundbreaking case. When this case was filed over three years ago, it was one of the first cases in the country challenging the banking practice of charging an insufficient funds fee ("NSF Fee") on an item that had previously been returned for insufficient funds (and had an initial NSF Fee assessed) and was later resubmitted by the merchant for payment again and charged an additional NSF Fee ("Retry NSF Fees"). The Complaint sought recovery under a novel theory that had never been endorsed by a court or challenged by a governmental entity or consumer watchdog. Novel consumer cases

3

like these are important—since Class Counsel filed this lawsuit and many others like it, public

and regulatory scrutiny of these fees has increased and resulted in some of the largest banks in

the country eliminating, or drastically reducing, NSF or overdraft fees. Chris Arnold, *People*

*Hate Overdraft Fees. Banks Are Ditching or Reducing Them*, NPR (Jan. 11, 2022),

https://www.npr.org/2022/01/11/1071860136/people-hate-overdraft-fees-capital-one-is-ditching-

them-and-other-banks-may-foll. This case was also risky and complex. The Bank adamantly

denied liability and expressed an intention to defend itself through trial. And, even though this

Court agreed with the theory in part, not all Courts have done so, and some courts have

dismissed similar claims. This case also presented significant hurdles because it implicated

decades-old banking data that is difficult to access and use. The claims involve intricacies of

banking practices and transactional data, and the case faced risks at each litigation stage. The

Court could have ruled for the Bank on summary judgment or a jury could have done so at trial.

Plaintiffs faced the hurdle of having the Court certify a class adversarially and having that ruling

immediately appealed under Rule 23(f). Without a certified class, no Class Member would

receive any recovery. Even with a certified class, trial and appeal present significant risks—and

substantial delays and costs—in any complex case, particularly one asserting untested theories.

At the time the Complaint was filed, no other state or federal court, anywhere, had denied a

motion to dismiss these claims. At the time of the Court's ruling on the motion to dismiss, no

federal court in New York or the Second Circuit had ruled on these claims.

13.     Against these risks and hurdles, it was through the skill and hard work of Class

Counsel and the Class Representatives that the Settlement was achieved—a Settlement that

represents a recovery of between 42% to 70% of the estimated damages. A settlement in this

range is likely to be viewed favorably by the Class Members, who will appreciate receiving

compensation without taking any action. And the Class Members will receive that recovery now instead of years later after trial and appeal, which is important because the Class consists of individuals who did not have enough money in their bank account to pay for transactions.

## IV.     NOTICE AND SETTLEMENT ADMINISTRATION INFORMATION.

14.     Since preliminary approval, Class Counsel has worked with defense counsel and the Administrator to finalize Notices to Class Members; review, edit, and approve the Settlement website and phone script; establish an escrow account for the Settlement Fund; ensure the appropriate data is transferred to the Administrator; and to provide clear and detailed instructions to the Administrator regarding the requirements of the Notice plan.

15.     As part of that process, the parties determined that there was a limited subset of data—for a short period and particular geographic region—that had yet to be collected, processed, and analyzed. This data was necessary to ensure a complete Class Member list. To ensure that all Class Members were sent notices at the same time, and to ensure all Class Members had sufficient time to determine whether to opt-out of or object to the proposed Settlement, the parties requested an extension of the notice deadline.

16.     Second, during their supervision of the notice process, Class Counsel determined that a lower proportion of Class Members maintain a valid email address for notice delivery than anticipated by the parties at preliminary approval. Therefore, estimated notice costs were higher than anticipated because more notices will be sent by mail with the attendant printing and postage costs.

17.     Notice is being sent on January 15, 2022. The Notice informs the Class Members that Class Counsel requests a fee of $10,375,000 or 25% of the cash and debt forgiveness (Class Counsel has not requested a fee on the notice and administration costs paid by the Bank or the "hidden" Settlement benefits). The Notice also informs the Class Members that the fees would

5

be paid from the $20,750,000 Settlement Fund, that a $7,500 service award is sought for each Class Representative, and that litigation expenses and costs of notice above the $500,000 paid by the Bank would be deducted from the Settlement Fund before determining payments to Class Members. The Notice specifies the amount—$295,000—expected to be paid from the Settlement Fund for notice. It also provides Class Members with an example of the amount they would receive if the Court approves the requested fees, expenses, and service awards, so that Class Members can evaluate how these payments affect what they will receive from the Settlement. The Notice, and this motion, will be posted to the settlement website so that Class Members can review all materials supporting the requested fee, expenses, and service awards and make objections if they wish.

## V. COUNSEL'S TIME AND EXPENSES.

18.     Class Counsel devoted significant time and resources in this litigation. To date, Class Counsel expended 2808.1 hours (excluding this motion). Table 1 provides categorizations of the time spent by firm. Class Counsel spent more time than anticipated from preliminary approval to the filing of this motion because of the additional information requested by the Court, the data issues, and Bank customer inquiries.

The current number of hours worked and the hourly rates for the attorneys and staff members from Cohen & Malad, LLP who worked on this case are as follows:

  a.  Lynn Toops – $780 per hour, 712.9 hours

  b.  Vess Miller – $730 per hour, 186.9 hours

  c.  Natalie Lyons – $625 per hour, 65.2 hours

  d.  Arend Abel – $550 per hour, 33.2 hours

  e.  Lisa La Fornara – $490 per hour, 194.5 hours

  f.  Tyler Ewigleben – $450 per hour, 310.0 hours

    g.  Elizabeth Hyde – $375 per hour, 23.7 hours

    h.  Paralegal – $325 per hour, 16.1 hours

    i.  Law Clerk – $300 per hour, 55.4 hours

The current number of hours worked and the hourly rates for the attorneys from Kaliel Gold PLLC who worked on this case are as follows:

    a.  Jeffrey Kaliel – $759 per hour, 809.2 hours

    b.  Sophia Gold – $465 per hour, 270.5 hours

The current number of hours worked and the hourly rates for the attorneys from Kopelowitz Ostrow Ferguson Weiselberg Golbert who worked on this case are as follows:

    a.  Jeffrey Ostrow – $725 per hour, 19.75 hours

    b.  Jonathan Streisfeld – $725 per hour, 41.25 hours

    c.  Josh Levine – $600 per hour, 0.75 hours

    d.  Daniel Tropin – $550 per hour, 10.25 hours

    e.  Todd Becker – $200 per hour, 27.00 hours

The current number of hours worked and the hourly rates for the attorneys from Weitz & Luxenberg P.C. who worked on this case are:

    a.  James J. Bilsborrow – $695 per hour, 30.5 hours

19.    It is anticipated that Class Counsel will spend at least an additional 200 hours preparing for the final approval hearing, including filing supplemental declarations, responding to any objections, and preparing for and attending the final approval hearing. There will be post-final approval work ensuring that the Settlement proceeds are properly distributed to Class Members, responding to Class Members' inquiries, and effectuating a secondary or *cy pres* distribution, as needed. These efforts will continue throughout 2022 and into 2023.

20.     Class Counsel requests reimbursement of $95,286.87 for actual costs necessarily incurred in connection with the prosecution and settlement of the Action. Specifically, those costs and expenses consist of filing fees and service of process costs ($975.07), pro hac vice admission fees ($606.50), expert witness fees ($70,350.00), litigation support vendors ($9,381.55), and multiple sessions with the services of the well-qualified mediator Eric Green ($13,973.75). The largest expense is for Plaintiff's expert, Arthur Olsen, who participated in both litigation and settlement efforts. Specifically, Mr. Olsen reviewed sample data produced by the Bank in litigation and helped Class Counsel formulate deposition questions needed to confirm that such data was suitable for class certification purposes. During settlement discussions, Mr. Olsen repeatedly reviewed and questioned the Bank's damages analyses to determine whether they accurately reflected the class damages. Class Counsel was incentivized to only incur reasonable and necessary expenses because recovery of expenses was not guaranteed and was dependent on the outcome of the case. Class Counsel is not seeking costs related to legal research, copying, and other overhead expenses, which were advanced and are commonly reimbursed. Class Counsel is also not seeking costs related to expert witness fees utilized in seeking preliminary and final approval of the Settlement.

## VI.     THE CLASS REPRESENTATIVES' TIME AND EFFORTS.

21.     Plaintiffs invested significant time in this case and risked their reputations in doing so, by publicly disclosing their personal financial difficulties, creating notoriety regardless of their success on the claims. They risked their reputations to bring these claims against their bank who had access to sensitive personal financial information. They should be commended for taking action to protect the interests of hundreds of thousands of the Bank's accountholders. Plaintiffs' efforts have created extraordinary financial benefits for the Class, compensating them for past harm and protecting them from future harm. Their efforts will also inure to the benefit of

new accountholders, who will better be able to understand how the Bank assesses fees because after the filing of this lawsuit the Bank first disclosed its multiple fee practices. Plaintiffs expended hours in advancing this litigation against a large and powerful adversary. Each conferred with Class Counsel on a number of occasions. Specifically, Plaintiffs provided assistance that enabled Class Counsel to successfully prosecute the Action and reach the Settlement, including: (1) submitting to interviews with Class Counsel; (2) locating and forwarding responsive documents and information; (3) providing discovery documents; (4) participating in conferences with Class Counsel; and (5) with respect to Plaintiff Perks, sitting for a rigorous deposition.

We declare under the penalty of perjury that the foregoing is true and correct.

Dated: January 14, 2021

_____
Lynn A. Toops

Dated: January 14, 2021

_____
Jeffrey D. Kaliel

**Table 1 - Summary of All Firms' Lodestar by Category**

| Task | Cohen & Malad, LLP | Kaliel Gold PLLC | Kopelowitz Ostrow Ferguson Weiselberg Golbert | Weitz & Lixenberg | Totals |
|---|---|---|---|---|---|
| **Presuit investigation, Factual Development, Client Meetings and Correspondence** | | | | | |
| *Researched potential causes of actions; researched potentially applicable federal laws and regulations; reviewed TD's disclosures and compared to other Bank's disclosures; interviewed clients; reviewed many sets of monthly bank statements; prepared preservation letter; review NACHA Rules and guidance* | 55.40 | 134.60 | 0.25 | 0.00 | 190.25 |
| **Strategy, Case Analysis, Class Counsel Conferences** | | | | | |
| *Strategy meetings internally at the firm and with co-counsel throughout the case* | 27.50 | 82.30 | 1.00 | 10.80 | 121.60 |
| **Pleadings** | | | | | |
| *Researched, drafted, and edited complaint; researched the viability of New York state causes of action; researched choice of law issues; reviewed answer and researched viability of affirmative defenses.* | 47.50 | 63.40 | 5.75 | 2.10 | 118.75 |
| **Motion Practice** | | | | | |
| *Researched and drafted opposition to motion to dismiss and supplemental filings; prep for hearing on motion to dismiss (cancelled due to covid-19)* | 154.80 | 57.70 | 16.00 | 2.50 | 231.00 |
| **Discovery** | | | | | |
| *Prepared for and took 30(b)(6) deposition; defended depositions of Class Representative; responded to discovery requests; promulgated discovery requests; negotiated protective order; negotiated ESI Protocol and ESI search terms; reviewed documents; worked with an expert regarding class data; analyzed class data; drafted 30(b)(6) notice; drafted, met and conferred on, and reviewed third party discovery to numerous financial institutions* | 788.20 | 461.30 | 38.25 | 4.90 | 1292.65 |
| **Case Management and Other Court Mandated Tasks** | | | | | |
| *Conducted 26(f) conference; drafted 26(f) report; prepared joint letter requests to continue deadlines; prepared motion for briefing schedule on summary judgment; edited joint discovery plan; attended discovery conferences.* | 15.80 | 38.20 | 1.25 | 2.50 | 57.75 |
| **Settlement, Approval Process, and Notice** | | | | | |
| *Engaged in settlement discussions with opposing counsel; coordinated settlement strategy with co-counsel; prepared mediation brief and supplemental mediation brief; attended two full-day mediations; negotiated and finalized settlement agreement and all associated documentation over numerous drafts. Drafted motion for preliminary approval of class action settlement and accompanying declarations. Received and reviewed detailed bids from notice administrators; worked with notice administrator to develop notice plan and find cost-efficiencies; drafted notices; oversaw notice process; prepared for and participated in preliminary approval hearing; worked with defense counsel, administrator, and experts to answer court questions regarding details of settlement for preliminary approval; revised settlement notices; worked through complex data issues that delayed notice; review and revise settlement website and phone script.* | 509.70 | 242.20 | 36.50 | 7.70 | 796.10 |
| **Total Hours** | 1598.90 | 1079.70 | 99 | 30.5 | 2808.10 |
| **Total Lodestar** | $ 1,017,054.00 | $ 739,965.30 | $ 55,712.50 | $ 21,197.50 | $ 1,833,929.30 |

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |
|---|---|
| **FUSION ELITE ALL STARS, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VARSITY BRANDS, LLC, et al.,**<br><br>**Defendants.** | **Civ. Action No. 2:20-cv-02600** |

### DECLARATION OF J. GERARD STRANCH, IV ON BEHALF OF STRANCH, JENNINGS & GARVEY, PLLC (FKA BRANSTETTER, STRANCH & JENNINGS, PLLC) IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

I, J. Gerard Stranch, IV, declare as follows:

1.      I am the managing partner of the law firm Stranch, Jennings & Garvey, PLLC (formerly known as Branstetter, Stranch & Jennings, PLLC).  I submit this declaration in support of Plaintiffs' motion for an award of attorneys' fees and expenses in connection with the services rendered, and costs and expenses incurred, in *Fusion Elite All Stars, et al, v. Varsity Brands LLC, et al.,* (the "Action").

2.      My firm served as counsel for Plaintiffs in the Action, working under the direction of Settlement Class Counsel.[1] The schedule attached as Exhibit A is a true and correct summary identifying the attorneys, paralegals and other staff who have worked on this litigation, the number of hours those individuals worked, their hourly billing rates and their respective lodestar values.

---

[1] Settlement Class Counsel are Berger Montague PC, DiCello Levitt LLC and Cuneo Gilbert & LaDuca, LLP.

1

The schedule attached as Exhibit A sets forth my firm's total hours and lodestar, by year at historical rates from inception of the case through and including April 30, 2023. The total number of hours spent by my firm during this period was 703.2, with a corresponding total lodestar calculated at historical rates of $512,386.30. Exhibit A also sets forth my firm's total hours and lodestar using a blended hourly[2] rate for each attorney and professional staff for the period from inception of the case through and including April 30, 2023. This schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm. In connection with representing the Plaintiffs in the Action, my firm did the following: served as local counsel in the Western District of Tennessee; participated in drafting of and filed pleadings in the Western District of Tennessee (complaint and amended complaint, leadership pleadings, standard motions and orders, motion to consolidate, et al.), attended multiple court hearings, participated in multiple calls with opposing counsel and leadership team, conducted research (double dismissal rule), assisted in extensive discovery (issuance of multiple subpoenas and document production review), and conducted extensive document review and coding (Gym Documents, Elza Batch, LeTard Batch, Albee Batch, Wright Batch, amongst others) and participated in the settlement process.

3.      The lodestar amount reflected in Exhibit A is for work performed by attorneys and professional staff at or affiliated with my firm for the benefit of the Settlement Classes. The historical hourly rates for the attorneys and professional staff in my firm reflected in Exhibit A are the usual and customary hourly rates used by my firm in similar contingent complex litigation

---

[2] A "blended hourly rate" is the weighted average of each professional's hourly rate over the course of the entire case. For instance, if a lawyer who worked only during 2 years of the case billed 500 hours during year 1 of the case at a rate of $200/hour and 1000 hours during year 2 of the case at $300/hour, the blended hourly rate would be (500 hours x $200/hour) plus (1000 hours x $300/hour) divided by 1500 hours for a blended hourly rate of $266.67/hour.

matters. My firm's work on this case was performed on a wholly contingent basis. My firm has not received any amounts in connection with this case.

4.      My firm has expended a total of $49,013.16 in unreimbursed costs and expenses in connection with the prosecution of the Action from inception of the case through and including April 30, 2023.  These costs are set forth in the Schedule attached as Exhibit B and are reflected on the books and records of my firm.  They were incurred on behalf of the Settlement Classes by my firm and have not been reimbursed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: Nashville, TN
       July 10, 2023

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |
|---|---|
| **FUSION ELITE ALL STARS, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civ. Action No. 2:20-cv-02600** |
| **VARSITY BRANDS, LLC, et al.,** | |
| **Defendants.** | |

**EXHIBIT A TO THE DECLARATION OF J. GERARD STRANCH, IV ON BEHALF OF STRANCH, JENNINGS & GARVEY, PLLC (FKA BRANSTETTER, STRANCH & JENNINGS, PLLC) IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

### Reported Hours and Historical Lodestar
Inception through April 30, 2023

| Name | Position | Hours | Rate | | Lodestar | | Year |
|---|---|---|---|---|---|---|---|
| Ben Gastel | P | 94.7 | $ | 1,000.00 | $ | 94,700.00 | 2020 |
| Ben Gastel | P | 39 | $ | 1,000.00 | $ | 39,000.00 | 2021 |
| Ben Gastel | P | 39.2 | $ | 1,000.00 | $ | 39,200.00 | 2022 |
| Alyson Beridon | A | 38.8 | $ | 575.00 | $ | 22,310.00 | 2020 |
| Alyson Beridon | A | 1.7 | $ | 575.00 | $ | 977.50 | 2021 |
| Alyson Beridon | A | 105.6 | $ | 575.00 | $ | 60,720.00 | 2022 |
| Alyson Beridon | A | .9 | $ | 626.75 | $ | 501.40 | 2023 |
| Gerard Stranch | S | 28.8 | $ | 1,200.00 | $ | 34,560.00 | 2020 |
| Gerard Stranch | S | 10.6 | $ | 1,200.00 | $ | 12,720.00 | 2021 |
| Gerard Stranch | S | 5.3 | $ | 1,200.00 | $ | 6,360.00 | 2022 |
| Gerard Stranch | S | 10.3 | $ | 1,308.00 | $ | 13,472.40 | 2023 |
| Elizabeth Fisher | CA | 285.2 | $ | 630.00 | $ | 179,676.00 | 2021 |
| Nicole Vandewalker | PL | 41.3 | $ | 190.00 | $ | 7,847.00 | 2020 |
| Nicole Vandewalker | PL | 1.2 | $ | 190.00 | $ | 228.00 | 2021 |
| Nicole Vandewalker | PL | .6 | $ | 190.00 | $ | 114.00 | 2022 |
| **Total** | | **703.2** | | | | **$512,386.30** | |

A-1

**Reported Total Hours and Blended Rate Lodestar**
Inception through April 30, 2023

| Name | Position | Total Hours | Blended Rate | Lodestar |
|---|---|---|---|---|
| Ben Gastel | P | 172.9 | $ 1,000.00 | $ 172,900.00 |
| Alyson Beridon | A | 147 | $ 574.89 | $ 84,508.90 |
| Gerard Stranch | S | 55 | $ 1,220.23 | $ 67,112.40 |
| Elizabeth Fisher | CA | 285.20 | $ 630.00 | $ 179,676.00 |
| Nicole Vandewalker | PL | 43.1 | $ 190.00 | $ 8,189.00 |
| | | | | |
| **TOTAL** | | **703.2** | | **$512,386.30** |

**Role Legend**

P      Partner
S      Shareholder
SC      Senior Counsel
OC      Of Counsel
A      Associate
C      Counsel
LC      Law Clerk
PL      Paralegal
I      Investigator
SA      Staff Attorney
CA      Contract Attorney

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |
|---|---|
| **FUSION ELITE ALL STARS, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civ. Action No. 2:20-cv-02600** |
| **VARSITY BRANDS, LLC, et al.,** | |
| **Defendants.** | |

**EXHIBIT B TO THE DECLARATION OF J. GERARD STRANCH, IV ON BEHALF OF STRANCH, JENNINGS & GARVEY, PLLC (FKA BRANSTETTER, STRANCH & JENNINGS, PLLC) IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

### Reported Expenses on Behalf of Plaintiffs
Inception through April 30, 2023

| Category | Amount |
|---|---|
| Litigation Fund Contributions | 47,550.00 |
| Photocopying | 0 |
| Service of Process | 1.03 |
| Computer Research | 0 |
| Court Fees (filings, etc.) | 1,238.00 |
| Court Reporters/Transcripts | 174.40 |
| Telephone/Fax | 0 |
| Postage | 0 |
| Overnight Delivery/Messengers | 49.73 |
| Witness/Service Fees | 0 |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | 0 |
| Co-Counsel Fees | 0 |
| Publication | 0 |
| **Total** | **$49,013.16** |

B-1

EXHIBIT C

THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

EUGENE MANNACIO, on behalf of himself
and all others similarly situated,

           Plaintiff,

vs.

SOVEREIGN LENDING GROUP
INCORPORATED,

           Defendant.

Case No. 3:22-cv-05498-TMC

**JOINT DECLARATION IN
SUPPORT OF PLAINTIFF'S
APPLICATION FOR FEES, COSTS,
AND SERVICE AWARD**

**NOTED FOR CONSIDERATION:
FEBRUARY 27, 2024**

Plaintiff's Counsel, Anthony I. Paronich and Samuel J. Strauss, declare as follows:

1.      This action was initially filed in the Northern District of California, *Mannacio v. Sovereign Lending Group Inc.*, No. 21-cv-9193 (N.D. Cal.), Doc. 1. Upon the stipulation of the parties and order of the court, the action was subsequently transferred to the Western District of Washington and given the civil action number 22-cv-05498 ("the Action"). *See Mannacio*, No. 21-cv-9193 (N.D. Cal.), Docs. 43-44; *Mannacio v. Sovereign Lending Group, Inc.*, No. 22-cv-05498 (W.D. Wash.), Doc. 45. Following the transfer, the parties conferred and proposed a discovery plan and schedule. *Mannacio,* No. 22-cv-05498 (W.D. Wash.) Doc. 57. The Court then entered a scheduling order setting case deadlines, including setting the close of fact discovery as October 10, 2023. *Id.*, Doc. 59. The parties proceeded with written discovery and document production over the subsequent months.

**Joint Declaration in Support of Plaintiff's
Application for Fees, Costs, and Service Award**

2.      In discovery, the parties exchanged information on how Sovereign operated its telemarketing efforts, its policies, the number of potential class members, and Sovereign's defenses. Chief among those defenses was Sovereign's affirmative allegation that class members had consented to its calls in "various ways." Although Mr. Mannacio denied the claim, if the trier of fact disagreed with Plaintiff on this legal issue, the Settlement Class would receive nothing. It thus presented both individual and class certification issues, as the same defense may have applied to all class members. Sovereign also asserted that it was not the entity responsible for making the calls at issue, potentially requiring Mr. Mannacio to prove his case under a vicarious liability theory.

3.      On May 11, 2023, the parties engaged in a day-long, arms-length mediation session with Judge S. James Ortero (Ret.) from JAMS. Although the parties did not reach a settlement during mediation, Judge Ortero developed a framework for settlement. The parties continued their negotiations in the following months, coming to an agreement on the material terms of a class settlement and subsequently executing the Settlement Agreement on August 4, 2023.

4.      Pre-mediation discovery revealed there are 19,648 Settlement Class Members. If ten percent (10%) of Settlement Class Members submit valid claims, each Authorized Claimant will be paid approximately $115. If 5% claim benefits, they will be paid $230. The amount each Settlement Class Member receives depends on the number of timely and valid claims submitted by Settlement Class Members. The amount will increase if the number of claims is less than ten percent. The amount will decrease if the number of claims is higher.

5.      The Settlement Agreement provides that any settlement administration and notice costs will be paid from the Settlement Fund. *Id*. § 2.1.5.

- 2

**Joint Declaration in Support of Plaintiff's**
**Application for Fees, Costs, and Service Award**

6.     Class Representative Eugene Mannacio requests a service payment of $10,000, in recognition of his service to the Settlement Class. Plaintiff devoted significant time assisting counsel in this case over the past several years, including assisting with development of the case, participating in discovery, and at mediation. These efforts included reviewing Sovereign's evidence, which included statements between Sovereign and him about Sovereign's calling conduct. Central to this analysis were facts about Plaintiff's interaction with the company. This required significant back-and-forth between Plaintiff and his counsel, which was critical to the development of the case. Plaintiff also responded to Sovereign's discovery requests, which required him to search for responsive information and provide substantial information on his calling history. Plaintiff worked with counsel to perform all these tasks in a timely manner over a series of phone calls and emails.

7.     In addition, Counsel devoted hundreds of hours to litigating this case and navigating the defenses posed by Sovereign. They did so without knowing whether they would ever recoup their investment or receive any return on this case. Indeed, Counsel accepted this case at the expense of taking other cases, which may have proven profitable had this case failed at any stage. Without these substantial efforts, Counsel does not believe the Class would have achieved the relief they did, nor was it apparent that any other Counsel was prepared to represent the Class in a different case.

8.     As a result, Counsel requests that the Court approve an award of litigation costs of $19,228.94, reasonable attorneys' fees of $166,666.67 (33.33% of the settlement fund), and a $10,000 service award for Plaintiff. Plaintiff's costs include filing fees, mailers, pro hac vice application fees, mediation fees, process server fees, and PACER charges. This amount was less than anticipated, which counsel predicted at $20,000 in their motion for preliminary approval.

9.      Counsel negotiated the settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case, having conducted significant fact discovery prior to the mediation.

10.      Counsel has extensive experience litigating and settling class actions, and consumer class actions challenging telemarketing practices in particular, as described in their declarations supporting Preliminary Approval. *See* Docs. 62 and 63.

11.      Plaintiff is confident in the strength of his case but also pragmatic about the risks inherent in litigation and various defenses available to the Defendant.

12.      The Defendant maintains that the Plaintiff and the Settlement Class Members are not entitled to recover because they consented to be called on their phone numbers by providing their numbers to Sovereign Lending's agents in various ways. Plaintiff disputes that Sovereign Lending could meet this burden at trial; but if the trier of fact disagreed with Plaintiff on this legal issue, the Settlement Class would receive nothing.

13.      Sovereign Lending's consent defense also created the risk that a motion to certify under Rule 23(b)(3) would not succeed.

14.      For the lodestar analysis, counsel confirm the following for their years of experience, time, rates, and work:

- 4
**Joint Declaration in Support of Plaintiff's**
**Application for Fees, Costs, and Service Award**

| Turke & Strauss LLP | Position | Time | Rate/Hour | Total |
|---|---|---|---|---|
| Samuel J. Strauss | Partner (10 years) | 24.5 | $600-700 | $16,950 |
| Raina Borrelli | Partner (12 years) | 5.4 | $500-700 | $6,800 |
| Alex Phillips | Associate (6 years) | 61.3 | $330-475 | $23,752.50 |
| Zog Begolli | Associate (6 years) | 23.4 | $425 | $9,832.50 |
| Brittany Resch | Associate (8 years) | 2.6 | $475 | $1,235 |
| Min Ro | Paralegal | 12.9 | $150 | $1,935 |

| Paronich Law | Position | Time | Rate | Total |
|---|---|---|---|---|
| Anthony Paronich | Partner (13 years) | 124.4 | $600 | $74,640 |

15.    Turke & Strauss LLP's time totals 130.1 hours and its fee totals $60,505.00. Paronich Law's time totals 124.4 hours and its fee totals $74,640.00. Together, plaintiff's counsel has devoted 254.5 hours to this case at a lodestar of $135,145.00. That results in a multiplier of about 1.2.

16.    When this case was transferred from California to this District, counsel voluntarily dismissed another pending case that considered the same events and facts, *DeVivo v. Sovereign Lending Group Incorporated*, Case No. 3:22-cv-05254, for efficiency. Even so, Mr. Mannacio advanced his cause using the same efforts expended in *DeVivo*. Indeed, plaintiff's counsel in *DeVivo* filed a "Notice of Related Action" in that case, relating it to this case. As a result, the Court should consider that time as contributing to the "success of other claims," including Mr. Mannacio's.

17.    When devoting time to the case, counsel's attorneys and paralegal devoted substantial hours to investigating the facts, drafting complaints, responding to motions, preparing discovery, exchanging discovery, analyzing responses, mediating, and finalizing the settlement for the Court. This total excludes "administrative" time or time that duplicates other work.

- 5
**Joint Declaration in Support of Plaintiff's**
**Application for Fees, Costs, and Service Award**

1
2
Plaintiff's counsel are billing only for substantive work. This is not to mention the time counsel will spend to enact the settlement and finalize it.

3

RESPECTFULLY SUBMITTED AND DATED this 11th day of December, 2023.

4
5

**PARONICH LAW, P.C.**

6

By:  _/s/ Anthony I. Paronich_____

7
8
9
10

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

11

**TURKE & STRAUSS LLP**

12

By:  _/s/ Samuel J. Strauss_____

13
14
15
16

Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

17

*Attorneys for Plaintiff and the Proposed Class*

18
19
20
21
22
23
24
25
26
27

- 6
**Joint Declaration in Support of Plaintiff's
Application for Fees, Costs, and Service Award**