1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                   WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
9

10   TRINA SAMSON, on her own behalf, and on       Case No. 2:25-cv-02115
     the behalf of others similarly situated,
11
                              Plaintiffs,
12                                                  VERIFICATION OF STATE COURT
                                                    RECORDS
13          vs.

14   SCHOLASTIC INC.,

15                            Defendant.

16

17          I certify that the documents attached hereto are true and correct copies of the

18   complete records and proceedings in the Superior Court file for the state action entitled *Trina*

19   *Samson v. Scholastic Inc.*, Case No. 25-2-28762-9-SEA, Superior Court of Washington for

20   King County as of October 28, 2025:

21          Exhibit 1: Summons

22          Exhibit 2: Consumer Protection Act Complaint;

23          Exhibit 3: Demand for Jury;

24          Exhibit 4: Case Information Cover Sheet and Area Designation;

25          Exhibit 5: Order Setting Civil Case Schedule; and

26          Exhibit 6: Affidavit of Service; and

VERIFICATION OF STATE COURT              Law Office of Amanda Beane, P.C.
RECORDS                                  7724 35th Ave NE, P.O. Box 15526
Page 1                                        Seattle, WA 98115
                                                206-531-0224

1    Exhibit 7: Docket – King County Superior Court

2

3

4

5                                    Respectfully submitted,

6

7    DATED:  October 28, 2025              LAW OFFICE OF AMANDA BEANE, P.C.

8

9                                 By:    */s/ Amanda Beane*
                                         Amanda Beane, WSBA No. 33070

10                                       7724 35th Ave NE, P.O. Box 15526
                                         Seattle, WA 98125

11                                       Tel. (206) 531-0224
                                         amanda@amandabeanelaw.com

12
                                         Caren Decter (*pro hac vice application*
13                                       *forthcoming*)
                                         Michael Salik (*pro hac vice application*
14                                       *forthcoming*)
                                         FRANKFURT KURNIT KLEIN + SELZ
15                                       28 Liberty Street, 35th Fl.
                                         New York, NY 10005
16                                       Tel. (212) 980-0120
                                         cdecter@fkks.com
17                                       msalik@fkks.com

18

19                                       *Attorneys for Defendant Scholastic Inc.*

20

21

22

23

24

25

26

VERIFICATION OF STATE COURT
RECORDS
Page 2

Law Office of Amanda Beane, P.C.
7724 35th Ave NE, P.O. Box 15526
Seattle, WA 98115
206-531-0224

EXHIBIT 1

ØŠÖÖ
GŒĜÁ̌ÙÒÚŒĤÆFŒK̃Í̇ÁŒÉT
SŒÕ̃Œ̃Ù̃UW̌ÞVŸ
Ù̃MÚ̌ŌÙ̃Œ̃Ù̃ÁŒ̃UW̌ÜVÁŒ̃ŠÒŮ̌S
Ò̌ŒØ̌ŠÖÖ
ÔŒE̊ŨÒÄŴÁĜÍ̇ÈÈĜÏ̇ÎĜĔJÄŮÒŒ

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

TRINA SAMSON, on her own behalf and on behalf of others similarly situated,

Plaintiff,

vs.

SCHOLASTIC INC.,

Defendant.

Case No.: _____

SUMMONS

**TO:**       **KING COUNTY SUPERIOR COURT CLERK**
**AND TO:**   **SCHOLASTIC INC.**

A lawsuit has been started against you in the above-entitled court by Plaintiff Trina Samson, by and through her attorney, Samuel J. Strauss of Strauss Borrelli PLLC. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or 60 days if you were personally served outside the state, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what he asks for because you have not

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

1  responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice

2  before a default judgment may be entered.

3       You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand

4  must be in writing and must be served upon the person signing this Summons. Within 14 days after

5  you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of

6  this Summons and Complaint will be void.

7       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8  that your written response, if any, may be served on time.

9       This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10 of Washington.

11                        *[Attorney signature block to follow on next page.]*

12

13

14

15

16

17

18

19

20

21

22

23

24

25
SUMMONS– 2

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

DATE:  September 30, 2025

Respectfully submitted,

/s/ *Samuel J. Strauss*

Samuel J. Strauss, WSBA No. 46971
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS &
GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Attorneys for Plaintiff*

* Applications for admission *pro hac
vice* forthcoming

SUMMONS– 3

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 ● FAX 872.863.1109
straussborrelli.com

## NOTICE RE:MILITARY SERVICE MEMBERS

**NOTICE**: State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member of the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. **This notice only pertains to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service for a period of time of more than thirty consecutive days.** Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice.

If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active-duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

# EXHIBIT 2

ØŠÒÖ

Ģ/ĢÎ ÁŬÒÚÁÆÆĨ ÁŒT
SŒÕ ÁÜU WÞ VŶ
ÙWÚÙÜ ŒÜ Á Û WÜV ŠÒÜS
Ò ŠÒÖ

ÔŒÚÒ Æ Ģ Ģ Ï Î Ģ JÁ ÒŒ

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| TRINA SAMSON, on her own behalf and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>SCHOLASTIC INC.,<br><br>        Defendant. | Case No.: _____<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Trina Samson, on her own behalf and on behalf of others similarly situated, on information and belief except to her own experiences and matters of public record, complains of Defendant Scholastic Inc. ("Scholastic") as follows:

## I.    INTRODUCTION

1.      In 1998, to protect Washington consumers from the annoyance and harassment caused by the burgeoning spam email industry, the Washington State Legislature enacted the Commercial Electronic Mail Act (CEMA), codified at chapter 190 of title 19 of the Revised Code of Washington (RCW).

1

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

2.      Among other things, CEMA prohibits transmitting a commercial email with "false or misleading information in the subject line" to the email address of a Washington resident. RCW 19.190.020(1)(b).

3.      Defendant Scholastic engages in the precise activity which CEMA prohibits.

4.      Scholastic spams Washington consumers—including Plaintiff Trina Samson, a school librarian—with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds, and ultimately, from consumers' wallets.

5.      This false urgency wastes consumers' time by enticing them to engage with the defendant's marketing efforts for fear of missing out. It also floods consumers' email inboxes with repeated false notifications that the time to act—*i.e. purchase*—is short.

6.      And through this deceptive time-sensitivity, Scholastic falsely narrows the field—steering consumers away from shopping for better deals—to its own products and services which must be purchased *now*.

7.      Plaintiff challenges Defendant's harassment of Washington consumers with deceptive marketing for violations of the Commercial Electronic Mail Act (RCW 19.190.020) and the Consumer Protection Act (RCW 19.86.020) for injuries caused, additionally seeking injunctive relief against such violations in the future.

## II.      JURISDICTION AND VENUE

8.      The Court has jurisdiction of this case under RCW 2.08.010.

9.      Venue is proper in King County under RCW 4.12.020(3) because Plaintiff's cause of action, or some part thereof, arose in King County.

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

### III.    PARTIES

10.    Plaintiff Trina Samson is a resident of King County, Washington.

11.    Defendant Scholastic, Inc. is incorporated in Delaware with its principal address at 557 Broadway, New York, NY 10012.

12.    This Court has personal jurisdiction over Defendant, as its contacts are so "continuous and systematic as to render itself at home" in this State. *Downing v. Losvar*, 21 Wash. App. 2d 635, 657 (2022). Additionally, personal jurisdiction is proper because Defendant has "purposefully avail[ed] itself of the privilege of conducting activities within" this State. *Id.* at 663.

### IV.    FACTUAL ALLEGATIONS

**A.    CEMA protects Washington consumers from deceptive spam emails.**

13.    The Supreme Court of Washington has made clear: "[A]ll Internet users … bear the cost of deceptive spam." *State v. Heckel*, 143 Wn. 2d 824, 835 (2001) (en banc).

14.    In 1998, the Legislature found that the "volume of commercial electronic mail" was "growing," generating an "increasing number of consumer complaints." Laws of 1998, ch. 149, § 1.

15.    In the nearly three decades since, the problems caused by unsolicited commercial email, *i.e.* spam email, have grown exponentially.

16.    The problems, however, are not limited to email content. Subject lines of emails are framed to attract consumers' attention away from the spam barrage to a message that entices consumers to click and, ultimately, *purchase*.

17.    In 2003, the United States Congress found that "[m]any senders of unsolicited commercial electronic mail purposefully include misleading information in the messages' subject

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

1    lines in order to induce the recipients to view the messages." 15 U.S.C. § 7701(a)(8).

2        18.    In 2012, one study estimated that Americans bear "costs of almost $20 billion

3    annually" due to unsolicited commercial email. Justin M. Rao & David H. Reiley, *The Economics*

4    *of Spam*, 26 J. of Econ. Perspectives 87, 88 (2012).

5        19.    Even when bulk commercial email marketers are operating under color of consumer

6    consent, the reality is that "[m]ost privacy consent"—especially under the "notice-and-choice"

7    approach predominant in the United States—"is a fiction." Daniel J. Solove, *Murky Consent: An*

8    *Approach to the Fictions of Consent in Privacy Law*, 104 Boston Univ. L. Rev. 593, 596 (2024).

9        20.    Consumers therefore routinely "consent" to receive flurries of commercial emails

10   which they did not meaningfully request and in which they have no genuine interest.

11       21.    This includes emails sent to consumers from businesses with which they have no

12   prior relationship—by virtue of commercial data brokers and commercial data sharing agreements.

13       22.    Simply conducting the routine affairs of daily life often exposes consumers to

14   unanticipated and unwanted volumes of commercial email. "Nowadays, you need an email address

15   for everything from opening a bank account to getting your dog's nails trimmed, and … [o]nce

16   you hand over your email address, companies often use it as an all-access pass to your inbox:

17   Think of shopping websites that send account updates, deals, 'we miss you' messages, and holiday

18   promotions throughout the year. It's too much." Kaitlyn Wells, *Email Unsubscribe Services Don't*

19   *Really Work*, N.Y. Times Wirecutter (Aug. 19, 2024), https://perma.cc/U8S6-R8RU/.

20       23.    The Legislature presciently intended CEMA to "provide some immediate relief"

21   for these problems by prohibiting among other things commercial emails that "contain untrue or

22   misleading information in the subject line." Laws of 1998, ch. 149, § 1.

23

24

25

CLASS ACTION COMPLAINT                    4

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

24.     CEMA thereby protects Washington consumers against the "harms resulting from deceptive commercial e-mails," which "resemble the type of harms remedied by nuisance or fraud actions." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

25.     CEMA's "truthfulness requirements" increase the costs of sending deceptive commercial emails and thereby reduce their volume. *Heckel*, 143 Wn. 2d at 836.

26.     CEMA's "truthfulness requirements" thereby advance the statute's aim of protecting consumers "from the problems associated with commercial bulk e-mail" while facilitating commerce "by eliminating fraud and deception." *Id.*

27.     CEMA "mean[s] exactly what it says": in "broad" but "patently clear" language, CEMA unambiguously prohibits "sending Washington residents commercial e-mails that contain *any* false or misleading information in the subject lines of such e-mails." *Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash. 2025).

28.     CEMA's protections do not depend on whether any email was (really or fictively) solicited by consumers, nor on whether consumers relied on any false or misleading statement contained in its subject line. *See Harbers*, 415 F. Supp. 3d at 1011.

29.     The statute's only concern is to suppress false or misleading information in the subject line of commercial emails. *See Brown*, 567 P.3d at 44–45.

**B.      The subject lines of Scholastic's marketing emails make false time scarcity claims.**

30.     One common way online marketers "manipulate consumer choice by inducing false

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

beliefs" is to create a false sense of urgency or to falsely claim that consumers' time to act is scarce. Fed. Trade Comm'n, *Bringing Dark Patterns to Light* 4 (2022), https://perma.cc/847M-EY69/; *see also* U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers* 26 (2022), https://perma.cc/V848-7TVV/.

31.    The FTC has identified the "False Limited Time Message" as one example of false time scarcity claims, in which the marketer creates "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached." *Bringing Dark Patterns to Light*, *supra* para. 30, at 22.

32.    False scarcity claims are psychologically effective. As "considerable evidence" suggests, "consumers react to scarcity and divert their attention to information where they might miss opportunities." *Online Choice Architecture*, *supra* para. 30, at 26.

33.    Invoking this time pressure achieves a seller's aim to narrow the field of competitive products and deals, by "induc[ing] consumers to rely on heuristics (mental shortcuts), like limiting focus to a restricted set of attributes or deciding based on habit." *Id.*

34.    Under time pressure, "consumers might take up an offer to minimise the uncertainty of passing it up." *Id.*

35.    False time scarcity claims thus *harm consumers* by manipulatively distorting their decision-making to *their detriment—and the seller's benefit*.

36.    Indeed, one 2019 study found that "customers who took timed deals rather than waiting to see wider options ended up worse off than those who waited." *Id.* at 27.

37.    False time scarcity claims also harm market competition. Consumers learn to ignore

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

scarcity claims, "meaning that when a product [or offer] is truly scarce, the seller will not be able to credibly communicate this information." *Id.*

38.     These false time scarcity claims are a staple of the defendant's email scheme to compel consumers to purchase its products.

39.     **Urgent Spam Emails.** Scholastic is practiced in this trick of luring in consumers through urgent subject headings in emails that do not reflect the true availability of the deal itself, as the examples below demonstrate.

40.     For example, on July 17, 2024, Scholastic spammed consumers with emails containing subject lines personalized to the email recipient's first name, saying here, as to Plaintiff, " ⏳ 20% Off Expires Soon, Trina! ⏳ ," and "Trina, Your 20% OFF Code Ends TONIGHT!"

41.     But the 20% off deal did not end on July 17.

42.     The very next day, on July 18, 2024, Scholastic sent consumers another email, saying in the subject heading: "Ends Tomorrow! 20% OFF E.V.E.R.Y.T.H.I.N.G! 📖 🟩 🟥 ."

43.     And indeed, the 20% off deal that started on July 17, 2024 *actually ended* on July 19, 2024, as further advertised by Scholastic in a July 19 email saying in the subject line: "20% OFF Is Yours for ONE LAST DAY!"

44.     Scholastic's scheme of sending emails with personalized subject headings about deals that purportedly—but not factually—"end tonight" is familiar.

45.     In a recent instance, on March 19, 2025, Scholastic spammed consumers with emails containing subject lines personalized to the recipient's name, saying "Your 20% Off Ends Tonight, [Email Recipient First Name]!"

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

46.    But again, the 20% off deal did not end on March 19.

47.    On March 20, 2025, Scholastic continued the deal, as it announced in an email with the subject heading: "One More Day! 20% Off and …"

48.    Similarly, on September 25, 2024, Scholastic made another personalized call for urgent action, through an email with the subject heading, "[Email Recipient First Name], Your 15% Off Ends TODAY!"

49.    But that 15% off deal continued just two days later.

50.    On September 27, 2024, Scholastic spammed consumers with another personalized message in the subject line: "[Email Recipient First Name], Last Call for 15% Off!"

51.    Indeed, Scholastic repeatedly invokes the term "Last Call" to inspire same-day action by consumers.

52.    For example, on December 15, 2024, Scholastic spammed consumers with an email containing the subject heading: "Last Call! Up to 25% Off + Free Shipping."

53.    But December 15 was not the "last call" for the 25% deal.

54.    On the very next day, December 16, 2024, Scholastic bombarded consumers with another email making the same offer, in the subject line: "Today Only! 25% Off + Free Shipping for the Final Sale of the Season."

55.    In another variation on this deceptive scheme, Scholastic invokes *next day urgency*, as it did on September 1, 2024 in an email with the subject line: "Hurry, Up to $40 Off Ends Tomorrow!" And indeed, the fine print indicated that the deal "expire[d] on 9/2/24."

56.    But that wasn't true.

57.    On September 3, 2024, Scholastic sent consumers an email with the subject

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

heading: "EXTENDED! Two More Days for Up to $40 OFF" for a deal, as noted in the fine print, "expire[d] on 9/4/24."

58.    Indeed, Scholastic has a pattern of offering surprise extensions on deals it had represented as over.

59.    For example, on October 9, 2024, Scholastic sent an email to consumers with the headline: "[Email Recipient First Name], Your 25% OFF Code Ends TONIGHT!"

60.    And the very next day, on October 10, 2024, it sent an email with the subject heading: "Surprise! Your 25% OFF is Back for TWO DAYS ONLY!"

61.    And again, on November 11, 2024, Scholastic spammed an email to consumers, saying in the subject heading: "Less Than 24 Hours: Up to $40 Off!"

62.    Yet, *more than 24 hours later*, on November 12, 2024, the deal was still on—as Scholastic announced in another personalized message, stating in the subject line: "[Email Recipient First Name], Up to $40 Off Extended!"

63.    These examples of the commercial emails that Scholastic has sent consumers containing subject lines with false or misleading statements are attached to this Class Action Complaint as Exhibit A.

**C.    Scholastic knows when it sends emails to Washington residents.**

64.    A sophisticated commercial enterprise, like Scholastic, which is engaged in persistent marketing through mass email campaigns across the United States, has several ways of knowing where the recipients of its marketing emails are located. The means it employs are peculiarly within its knowledge.

65.    First, the sheer volume of email marketing that Scholastic engages in put it on

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

1    notice that Washington residents would receive its emails.

2    66.    Second, Scholastic may obtain location information tied to email addresses when

3    consumers make purchases from Scholastic through digital platforms, including the Scholastic

4    website, or otherwise self-report such information to Scholastic.

5    67.    Third, Scholastic may obtain location information tied to email addresses by

6    tracking the IP addresses of devices used to open its emails, which in turn can be correlated to

7    physical location (as illustrated, for example, by the website https://whatismyipaddress.com/).

8    68.    Specifically, Scholastic likely uses Adobe Campaign to manage its email marketing

9    campaigns. This platform should allow Scholastic to access a list of every email address that was

10   sent a marketing email. It should also allow Scholastic to determine who viewed the emails and

11   who clicked on any links within them.

12   69.    Scholastic is likely able to infer the general geographic location of recipients by

13   state based on their IP address at the time of email open or link click.

14   70.    Fourth, Scholastic may obtain location information tied to email addresses by

15   purchasing consumer data from commercial data brokers such as Acxiom, Oracle, and Equifax,

16   which sell access to databases linking email addresses to physical locations, among other

17   identifiers.

18   71.    Fifth, Scholastic may obtain location information tied to email addresses by using

19   "identity resolution" services offered by companies such as LiveRamp, which can connect

20   consumers' email addresses to their physical locations, among other identifiers.

21   72.    Sixth, Scholastic may obtain information that the recipients of its marketing emails

22   are Washington residents because that information is available, upon request, from the registrant

23

24

25

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

CLASS ACTION COMPLAINT                    10

1    of the Internet domain names contained in the recipients' email addresses. *See* RCW

2    19.190.020(2).

3        73.    It is thus highly probable that a seller with the size and sophistication of Scholastic

4    employs not just one but several means of tying consumers' email addresses to their physical

5    locations, at least at the state level.

6

7        **D.    Scholastic violated Plaintiff's right under CEMA to be free from deceptive**

8            **commercial emails.**

9        74.    Scholastic has spammed Plaintiff Trina Samson, a school librarian, with

10    commercial emails whose subject lines contain false or misleading statements in violation of her

11    right to be free from such annoyance and harassment under CEMA.

12        75.    Plaintiff received email promotions described above in Section B, including the

13    July 17, 2025 emails containing subject lines saying, " ⌛ 20% Off Expires Soon, Trina! ⌛ " and

14    "Trina, Your 20% OFF Code Ends TONIGHT!"

15        76.    These emails were false or misleading in violation of CEMA, for misrepresenting

16    the timing of the deals, as described herein.

17        77.    These emails contained false statements of fact as to the "duration or availability of

18    a promotion." *Brown*, 567 P.3d at 47.

19                    **V.    CLASS ALLEGATIONS**

20        78.    Plaintiff brings this action under Civil Rule 23 on behalf of the following putative

21    class ("Class"):

22

23

24

25    CLASS ACTION COMPLAINT            11

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

1    All Washington citizens holding an email address to which

2    Defendant sent or caused to be sent any email listed in Exhibit A

3    during the Class Period.

4    79.    Excluded from this definition of the Class are Defendant's officers, directors, and

5   employees; Defendant's parents, subsidiaries, affiliates, and any entity in which Defendant has a

6   controlling interest; undersigned counsel for Plaintiff; and all judges and court staff to whom this

7   action may be assigned, as well as their immediate family members.

8    80.    The Class Period extends from the date four years before this Class Action

9   Complaint is filed to the date a class certification order is entered in this action.

10    81.    Plaintiff reserves the right to amend the Class definition as discovery reveals

11   additional emails containing false or misleading information in the subject line that Defendant sent

12   or caused to be sent during the Class Period to email addresses held by Washington residents.

13    82.    The Class is so numerous that joinder of all members is impracticable because the

14   Class is estimated to minimally contain thousands of members.

15    83.    There are questions of law or fact common to the class, including without limitation

16   whether Defendant sent commercial emails containing false or misleading information in the

17   subject line; whether Defendant sent such emails to email addresses it knew or had to reason to

18   know were held by Washington residents; whether Defendant's conduct violated CEMA; whether

19   Defendant's violation of CEMA constituted a *per se* violation of the Consumer Protection Act,

20   RCW 19.86.020 (CPA); and whether Defendant should be enjoined from such conduct.

21    84.    Plaintiff's claims are typical of the Class's because, among other reasons, Plaintiff

22   and Class members share the same statutory rights under CEMA and the CPA, which Defendant

23

24

25
CLASS ACTION COMPLAINT                    12

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

violated in the same way by the uniform false or misleading marketing messages it sent to all putative members.

85.     Plaintiff will fairly and adequately protect the Class's interests because, among other reasons, Plaintiff shares the Class's interest in avoiding unlawful false or misleading marketing; have no interest adverse to the Class; and have retained competent counsel extensively experienced in consumer protection and class action litigation.

86.     Defendant has acted on grounds generally applicable to the Class, in that, among other ways, it engaged in the uniform conduct of sending uniform commercial emails to Plaintiff and the Class, which violate CEMA and the CPA in the same way, and from which it may be enjoined as to Plaintiff and all Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

87.     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, in that, among other ways, Defendant has violated their rights under the same laws by the same conduct, and the only matters for individual determination are the number of false or misleading emails received by each Class member and that Class member's resulting damages.

88.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other reasons, the claims at issue may be too small to justify individual litigation and management of this action as a class presents no special difficulties.

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

## VI.    CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

89.    Plaintiff incorporates and realleges paragraphs 1–77 above.

90.    CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

91.    Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

92.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

93.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents, including because Defendant knew that Plaintiff and putative members were Washington residents as such "information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address." RCW 19.190.020(b)(2).

94.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

95. For Defendant's violation of CEMA, Plaintiff is entitled to all available relief, including an injunction against further violations.

**Second Claim to Relief**

**Violation of the Consumer Protection Act, RCW 19.86.020**

96.   Plaintiff incorporates and realleges paragraphs 1–77 above.

97. The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

98. A violation of CEMA is a *per se* violation of the CPA. RCW 19.190.030.

99. A violation of CEMA establishes all the elements necessary to bring a private action under the CPA. *Wright v. Lyft*, 189 Wn. 2d 718 (2017).

100. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

101. Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

102. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

103. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

15

1    Defendant knew, or had reason to know, were held by Washington residents.

2        104.    Defendant initiated the transmission, conspired with another to initiate the

3    transmission, or assisted the transmission of such messages that contained false or misleading

4    information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

5        105.    For Defendant's violation of the CPA, Plaintiff and putative members are entitled

6    to an injunction against further violations; the greater of Plaintiff's actual damages or liquidated

7    damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee.

8                            **VII.    JURY DEMAND**

9        106.    Plaintiff will demand a jury trial by separate document in accordance with Local

10    Civil Rule 38(b).

11                            **VIII.    PRAYER FOR RELIEF**

12        Plaintiff asks that the Court:

13        A.    Certify the proposed Class, appoint Plaintiff as Class representative, and appoint

14    undersigned counsel as Class counsel;

15        B.    Enter a judgment in Plaintiff's and the Class's favor permanently enjoining

16    Defendant from the unlawful conduct alleged;

17        C.    Enter a judgment in Plaintiff's and the Class's favor awarding actual or liquidated

18    damages, trebled, according to proof;

19        D.    Award Plaintiff's costs of suit, including reasonable attorneys' fees; and

20        E.    Order such further relief the Court finds appropriate.

21

22                    *[Attorney signature block to follow on next page.]*

23

24

25

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 ● FAX
872.863.1109
straussborrelli.com

CLASS ACTION COMPLAINT                16

1    DATE:  September 30, 2025                    Respectfully submitted,

2                                                /s/ *Samuel J. Strauss*
                                                 Samuel J. Strauss, WSBA No. 46971
3                                                Raina C. Borrelli*
                                                 **STRAUSS BORRELLI, LLP**
4                                                980 N. Michigan Avenue, Suite 1610
                                                 Chicago, IL 60611
5                                                Tel.: (872) 263-1100
                                                 sam@straussborrelli.com
6                                                raina@straussborrelli.com

7                                                Lynn A. Toops*
                                                 Natalie A. Lyons*
8                                                Ian R. Bensberg*
                                                 **COHENMALAD, LLP**
9                                                One Indiana Square, Suite 1400
                                                 Indianapolis, IN 46204
10                                               Tel.: (317) 636-6481
                                                 ltoops@cohenmalad.com
11                                               ibensberg@cohenmalad.com

12                                               Gerard J. Stranch, IV*
                                                 Michael C. Tackeff*
13                                               Andrew K. Murray*
                                                 **STRANCH, JENNINGS &**
14                                               **GARVEY, PLLC**
                                                 223 Rosa L. Parks Avenue, Suite 200
15                                               Nashville, TN 37203
                                                 Tel.: (615) 254-8801
16                                               gstranch@stranchlaw.com
                                                 mtackeff@stranchlaw.com
17                                               amurray@stranchlaw.com

18                                               *Attorneys for Plaintiff*

19                                               * Applications for admission *pro hac
20                                               vice* forthcoming

21

22

23

24

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com
25

— **EXHIBIT A** —

IIN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

TRINA SAMSON, on her own behalf and on
behalf of others similarly situated,

                      Plaintiff,

     vs.

SCHOLASTIC INC.,

                 Defendant.

Case No.: _____

CLASS ACTION COMPLAINT

EXHIBIT A

| Date | Subject Line |
|------|--------------|
| March 19, 2025 | "Your 20% Off Ends Tonight, [Email Recipient First Name]!" |
| December 15, 2024 | "Last Call! Up to 25% Off + Free Shipping" |
| November 11, 2024 | "Less Than 24 Hours: Up to $40 Off!" |
| October 9, 2024 | "[Email Recipient First Name], Your 25% OFF Code Ends TONIGHT!" |
| September 25, 2024 | "[Email Recipient First Name], Your 15% Off Ends TODAY!" |
| September 1, 2024 | "Hurry, Up to $40 Off Ends Tomorrow!"" |
| July 17, 2024 | " ⏳ 20% Off Expires Soon, [Email Recipient First Name]! ⏳ " |
| July 17, 2024 | "[Email Recipient First Name], Your 20% OFF Code Ends TONIGHT!" |

CLASS ACTION COMPLAINT -
EX. A

1

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX
872.863.1109
straussborrelli.com

# EXHIBIT 3

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| TRINA SAMSON, on her own behalf and on behalf of others similarly situated, | Case No.: _____ |
| Plaintiff, | |
| vs. | JURY DEMAND |
| SCHOLASTIC INC., | |
| Defendant. | |

     Plaintiff Trina Samson, by and through her attorneys, individually and on behalf of all others similarly situated, hereby demands a trial by a twelve-person jury in the above-entitled action upon all issues.

*[Attorney signature block to follow on next page.]*

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

1

Date:  September 30, 2025

Respectfully submitted,

2

_/s/ Samuel J. Strauss_

3

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli*

4

**STRAUSS BORRELLI, LLP**
980 N. Michigan Avenue, Suite 1610

5

Chicago, IL 60611
Tel.: (872) 263-1100

6

sam@straussborrelli.com
raina@straussborrelli.com

7

8

Lynn A. Toops*
Natalie A. Lyons*

9

Ian R. Bensberg*
**COHENMALAD, LLP**

10

One Indiana Square, Suite 1400
Indianapolis, IN 46204

11

Tel.: (317) 636-6481
ltoops@cohenmalad.com

12

ibensberg@cohenmalad.com

13

Gerard J. Stranch, IV*

14

Michael C. Tackeff*
Andrew K. Murray*

15

**STRANCH, JENNINGS &
GARVEY, PLLC**

16

223 Rosa L. Parks Avenue, Suite 200

17

Nashville, TN 37203
Tel.: (615) 254-8801

18

gstranch@stranchlaw.com
mtackeff@stranchlaw.com

19

amurray@stranchlaw.com

20

21

_Attorneys for Plaintiffs_

22

* Applications for admission _pro hac
vice_ forthcoming

23

24

25

26

27

28

JURY DEMAND – 2

# EXHIBIT 4

ⒾⓈⒺⒺ

ⒼⒺⓘ ⒶⓊ⒪ⒷⒶ⒧ⒺⒶ⒧ⒺⓀ·Ⓘ·Ⓐ⒧ⒺⓉ
Ⓢ⒟ⒺⓄⒶ⒪⒰ⓌⓘⓥⓎ
ⓊⓌⓊⒷⓊⓌⓊⒶⓊⓌⓊⓥⒶ⒪Ⓢ⒪ⓊⓈ
ⒷⒺⒾⓈⒺⒺⓘ
ⓄⒺⒺⓊⒺⒷⒶⓦⒼⒾ ⒠⒠ⒼⒾ Ⓘ Ⓘ ⒼⓔⓙⒶⓊⓄⓒⒺ

### KING COUNTY SUPERIOR COURT

### CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET
### (CICS)

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** _____

(Provided by the Clerk)

**CASE CAPTION:** _Samson v. Scholastic, Inc._

(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)

Please mark one of the boxes below:

⊠  **Seattle Area**, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐  **Kent Area,** defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

| | | |
|---|---|---|
| _[signature]_ | WSBA #46971 | September 30, 2025 |
| Signature of Attorney | WSBA Number | Date |

or

_____        _____
Signature of person who is starting case        Date

_____
Address, City, State, Zip Code of person who is starting case if not represented by attorney

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

# CIVIL

Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)

(Petition to the Superior Court for review of rulings made by state administrative agencies. Examples: DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**ELECTIONS**

☐ Non-Financial Enforcement (NFE2)

(Filed by the Prosecutors or an agency responding to a demand for documents, pursuant to RCW 71.09)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

(Action filed if any persons are dissatisfied with the ballot title for a local ballot measure pursuant to RCW 29A.36.)

☐ Recall Ballot Synopsis (RBS2)

(Filed by the Prosecutor or Attorney General pursuant to RCW 29A.56)

☐ Subdivision Election Process Review (SER 2)*

(Action filed by a political subdivision seeking acknowledgement of compliance pursuant to RCW 29A.92.)

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act pursuant to RCW 29A.92.080 or 29A.92.090 )

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

\* The filing party will be given an appropriate case schedule at time of filing.
\*\* Case schedule will be issued after hearing and findings.

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)
(Commercial property eviction.)

☐ Property Fairness Act (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (CAA 2)
(Petition to force or confirm private binding arbitration.)

☐ Application for Health & Safety Inspection (HSI 2)

☐ Assurance of Discontinuance (AOD 2)

(Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

☐ Birth Certificate Change(PBC 2)

(Petition to amend birth certificate)

☐ Bond Justification (PBJ 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Certificate of Rehabilitation (CRR 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration Opportunity(CRP 2)

(Establishes eligibility requirements for certain professional licenses.)

* The filing party will be given an appropriate case schedule at time of filing.

** Case schedule will be issued after hearing and findings.

☐ Change of Name (CHN 2)

(Petition for name change for reasons other than listed in RCW 4/24/130(5).)

☐ Confidential Change of Name (CHN 2)

(Petition for name change when domestic violence/anti-harassment issues require confidentiality under RCW 4/24/130(5).)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

☒ **Consumer Protection Act (CPA 2)\***

**(Complaint involving unfair and deceptive acts or practices.)**

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Employment (EMP 2)\*

(Complaint regarding compliance with public employers sharing employee information with bargaining representatives.)

☐ Foreign Subpoena (OSS 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Frivolous Claim of Lien (FVL 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)\*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)\*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Non-Financial Enforcement (NFE2)

(Filed by the PA or an agency responding to a demand for documents, pursuant to RCW 71.09)

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Notice of Deposit of Surplus Funds (DSF 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ Other Complaint/Petition (MSC 2)\*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)

Declaratory judgment action to strike discriminatory provision of real property contract.

\* The filing party will be given an appropriate case schedule at time of filing.

\*\* Case schedule will be issued after hearing and findings.

☐ Prorate Fuel Tax Subpoena (PFT 2)

(Subpoena-Actions filed under Chapt. 82.42 RCW for exparte orders for fuel tax collection violation investigation subpoenas.)

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Recall Ballot Synopsis (RBS2)

(Filed by the PA or AG pursuant to RCW 29A.56)

☐ Receivership (RCVR 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*
(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.)

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**

☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (ASW 2)*

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**
☐ Hospital  (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

\* The filing party will be given an appropriate case schedule at time of filing.
\*\* Case schedule will be issued after hearing and findings.

Civil CICS 08/2025

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.)  RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

\* The filing party will be given an appropriate case schedule at time of filing.
\*\* Case schedule will be issued after hearing and findings.

ØŒŠÒÖ
Œ ŒĠ ÁÙ ÒÚ Á H-E Á F- E- ĸ Í Á ÆT
S Œ Ō Á Ū Wﾈ ▶ VŸ
Ù Wﾈ Ú Ü Ū Ù Á Ū Wﾈ Ü Vﾈ ŌŠÒ Üŝ
Ò ÆŒŠÒÖ
Ô Œ Œ Ū Ò Á Æ Á Æ Œ ÉŒĒ ÏÎ Œ Ù Á Ù Ò Œ

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| SAMSON | No. 25-2-28762-9  SEA |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| SCHOLASTIC INC. | |
| | (CICS) |

**CAUSE OF ACTION**

CPA - Consumer Protection Act

**AREA OF DESIGNATION**

SEA          Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

EXHIBIT 5

ØŠÒÖ

ŒŒÍ ÁÙÒÚ ÁÁÁ Í ÁŒ
Ś Ò Å Ù W Vŷ
Ù Ú Ü ŵ Ü Ù ÚÒŠÒÜŠ
ÒÈ ŠÒÖ
Ô Ú Ò ÁÁ ÁŒ È È Î Ê Á ÁÚ Œ

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| TRINA SAMSON | No. 25-2-28762-9  SEA |
| Plaintiff(s) | **ORDER SETTING CIVIL CASE SCHEDULE** |
| vs | **ASSIGNED JUDGE: Suzanne Parisien, Dept. 42** |
| SCHOLASTIC INC. | FILED DATE: 09/30/2025 |
| Defendant(s) | TRIAL DATE:10/05/2026 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I.  NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.***  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion.  The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

**I. NOTICES (continued)**

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 09/30/2025 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 03/10/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 03/10/2026 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 03/24/2026 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 05/04/2026 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 06/15/2026 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 06/29/2026 |
|  | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 06/29/2026 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 08/17/2026 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 09/08/2026 |
|  | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 09/14/2026 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 09/14/2026 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 09/21/2026 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 09/28/2026 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 09/28/2026 |
|  | Trial Date [*See KCLCR 40*]. | 10/05/2026 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:    09/30/2025

_____
PRESIDING JUDGE

EXHIBIT 6

ØˇŠ$ÒÖ
GˆeˆGˆíˆ˝ÁˆÚˆÔˆVˆ-EˆÊˆGˆKˆíˆ˝ÁˆˇÙÁˆ/ˆÚˆˇ
SˆˆˆÕˆ/ˆ˝ÁˆˇUˆWˆÞˆVˆˇÝˆˇ
ÙˆˇÚˆˇÙˆˇÚˆˇÛˆˇÚˆˇ/ˆ˝ÁˆˇÚˆˇWˆˇÚˆˇVˆˇ˝Õˆˇ˝Šˆˇ˝ÒˆˇÒˆˇÙˆˇUˆˇS
Òˆˇ˝Žˆˇ$ˆˇÒˆˇÒˆˇ
ÔˆˇŒˆÚˆˇÒˆˇÀˆÒˆˇ˝Áˆ/ˆˇÊˆ-ˆGˆˇÊˆˇGˆˇíˆˇíˆˇÎˆˇGˆˇíˆ˝ÁˆˇÚˆˇŒˆÆ

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF
KING

**TRINA SAMSON, on her own behalf and on behalf of others
similarly situated**

*Plaintiff(s) / Petitioner(s)*

Case No.: 25-2-28762-9 SEA

v.

**SCHOLASTIC INC.**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Karen Wolcott, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to SCHOLASTIC INC. in Thurston County, WA on October 1, 2025 at 10:20 am at 300 DESCHUTES WAY SW, STE 208 MC-CSC1, TUMWATER, WA 98501 by leaving the following documents with  who as  at CSC is authorized by appointment or by law to receive service of process for SCHOLASTIC INC..

2025-09-30 - Case Information Cover Sheet & Area Designation.pdf
2025-09-30 - Jury Demand.pdf
2025-09-30 - Order Setting Civil Case Schedule.pdf
2025-09-30 - Plaintiff's Case Information Cover Sheet & Area Designation.pdf
2025-09-30 - Summons.pdf
2025-09-30 - Class Action Complaint.pdf

, est. age Unknown, glasses: N,  hair, , .
Geolocation of Serve: https://google.com/maps?q=47.013151,-122.9054633
Photograph: See Exhibit 1

Total Cost: $127.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF
WASHINGTON THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

/s/ *Karen Wolcott*

Executed in

Thurston County                          .

WA        on    10/3/2025            .

Signature
Karen Wolcott
+1 (360) 448-1014
25-0114-02



# EXHIBIT 7

# King County Superior Court Clerk's Office

### Welcome to the Records Access Portal

**25-2-28762-9 SEA**
SAMSON VS SCHOLASTIC INC
Consumer Protection Act - Active

| Request Access to Sealed Documents | Request Fee Waiver | Purchase/View Court records |

Summary    Participants    Document List    Events    Judgments

## Documents

### ⌄ Documents List

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 1 | 09/30/2025 | CMPCPA - Consumer Protection Act Complaint | | | 19 | |
| 4 | 09/30/2025 | SM - Summons | | Plaintiff - TRINA SAMSON | 4 | |
| 5 | 09/30/2025 | DMJY12 - Demand for Jury - 12 Person | | Plaintiff - TRINA SAMSON | 2 | |
| 6 | 09/30/2025 | CICS - Case Information Cover Sheet | | Plaintiff - TRINA SAMSON | 6 | |
| 3 | 09/30/2025 | CICS - Case Information Cover Sheet | | | 1 | |
| 2 | 09/30/2025 | ORSCS-CV - Order Setting Case Schedule - Civil | | Clerk | 3 | |
| 7 | 10/03/2025 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 2 | |

Go Back